# United States District Court
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 3:23-CR-00497-S |
| § | |
| JORGE GUADALUPE PALAFOX, JR. (1)  § | |

### ORDER

The Court **GRANTS** Defendant's Unopposed Motion for Continuance of Trial and Pretrial Deadlines filed **April 15, 2024 [ECF No. 18]**, and the trial of this case is reset from **June 24, 2024** to **July 29, 2024**, **at 9:00 a.m.** The period of delay shall be excluded in computing the time within which the trial must commence. The pretrial conference is set for **July 19, 2024**, **at 10:00 a.m.** Pretrial motions are due no later than **May 20, 2024**. Responses to pretrial motions are due no later than **June 3, 2024**. Any reply must be filed by **June 10, 2024**. Pretrial materials are now due **June 24, 2024**.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court may grant an "ends of justice" continuance at the request of a defendant or defendant's attorney if the Court does so on the basis of findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). One of the factors the Court may consider in granting an "ends of justice" continuance is "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(iv).

For the reasons set out in Defendant's motion, the Court finds that (1) the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and the

defendant in a speedy trial; (2) the failure to grant a continuance in this case would deny Defendant's counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (3) taking into account the exercise of due diligence by defense counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

**SO ORDERED.**

SIGNED April 16, 2024.

                                                **KAREN GREN SCHOLER**
                                                **UNITED STATES DISTRICT JUDGE**